This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40328**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ARMANDO ROY ZAMORA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Thomas F. Stewart, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appeals the denial of a requested continuance in this probation revocation proceeding. This Court's notice of proposed summary disposition proposed to affirm the district court's ruling on the basis that Defendant's docketing statement did not assert any prejudice resulting from the denial of his continuance request. Defendant has filed a memorandum in opposition to that proposed disposition, which we have duly considered. Remaining unpersuaded that the district court committed error, we now affirm.

**{2}** In proposing that no prejudice resulted from the denial of a continuance, our notice of proposed disposition pointed out that "Defendant does not suggest any specific objective that might have been accomplished by way of [a] more detailed review of the evidence." [CN 3] We also noted that the evidence below included Defendant's admission to having killed his wife and that

> Defendant does not appear to have suggested below—and does not suggest on appeal—any theory, basis, or expectation that further review of the apparently extensive investigation into the murder of Defendant's wife might result in evidence that Defendant had not violated his conditions of release.

[CN 4]

**{3}** Defendant's memorandum in opposition to summary affirmance now responds that "there may have been a self-defense claim," and that Defendant's statements to police officers "might have been [Defendant] admitting he killed his wife, while also asserting facts that would have supported a finding of justifiable homicide." [MIO 5, 7] That memorandum asserts that in order to mount a defense against an alleged confession, he would have needed to review most of the five gigabytes of audio and video files turned over by the State. [MIO 7-8] That memorandum does not suggest that this issue was preserved below, and concedes that "[i]t is unclear whether the district court learned of any possible affirmative defenses." [MIO 5]

**{4}** Defendant's memorandum also asserts that without being granted a continuance, he was prevented "from . . . from even being able to show prejudice." [MIO 8] That memorandum does not explain, however, why the assertion of a self-defense claim would require a review of five gigabytes of audio and video files documenting the investigatory efforts of at least eleven state police officers, as opposed to merely reviewing the contents of his alleged admission. [DS 2] We are not persuaded that Defendant was somehow prevented from developing a self-defense theory by the fact that in addition to the material he needed to develop that theory, the State produced a high volume of other material. Further, assuming that additional time would have allowed Defendant to develop such a theory, we are unpersuaded that anything prevented him from asserting his need to develop a specific affirmative defense—such as justifiable homicide—in connection with his motion for a continuance. *See State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20 (enumerating factors that must be considered in ruling on a motion for continuance).

**{5}** Instead, it appears Defendant merely asserted that preparation for his trial on the new charges would take a year, that resolution of those charges would make his revocation hearing "unnecessary, or much shorter," and that he needed more time to review the State's disclosures. [RP 200] Under the circumstances, we cannot conclude that the district court abused its discretion by denying the requested continuance. Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the order revoking Defendant's probation.

{6}    IT IS SO ORDERED.

JACQUELINE R. MEDINA, Judge

WE CONCUR:

KRISTINA BOGARDUS, Judge

JANE B. YOHALEM, Judge